[Filed March 21, 1888.]

## W. B. WALKER, APPELLANT, *v.* LOUIS GOLDSMITH ET AL., RESPONDENTS.

TAXATION OF DISBURSEMENTS—OBJECTIONS—HOW MADE.—Items claimed as disbursements must be itemized and verified, and objections thereto must be to each item separately, and the reason of such objection must be clearly and distinctly stated.

OBJECTIONS—WHAT NOT CONSIDERED.—No objection to any item claimed as a disbursement can be considered or entertained unless made before the taxing officer in the court below and within the time allowed by law.

CASE IN JUDGMENT.—When the item claimed was this:. To the clerk of the Supreme Court for copy of evidence and judgment roll in case of *T.* v. *D.*, composing exhibit 30, $259.50, was objected to for the reason that said copy of evidence and judgment roll was procured by the plaintiff for his own use as evidence in said cause, upon an issue of fact tried therein upon which plaintiff was defeated, and upon which final judgment was rendered against him, and in favor of the defendants in said cause. *Held*, that said objections did not present the question sought to be raised on this appeal, namely, that the *copy of evidence* was incompetent upon the trial of this suit, and. that the same was not used upon such trial.

APPEAL from Multnomah County.

*P. L. Willis*, for Appellant.

*Williams, Ach & Wood*, and *James K. Kelly*, for Respondents.

STRAHAN, J.—This is an appeal from the judgment of the court below, given on appeal from the clerk's taxation of costs and disbursements. The objections filed with the clerk included the only item involved on this appeal, and are as follows: "Object to the following item in said statement: 'To clerk of Supreme Court for copy of *evidence* and judgment roll, in case of *Teal* v. *Dickenson*, composing exhibit 30, $259.50,' for the reason that said copy of evidence and judgment roll were pro-

cured by the plaintiff for his own use, as evidence in said cause, upon an issue of fact tried therein, upon which plaintiff was defeated, and upon which final judgment was rendered against him and in favor of defendants in said cause. None of the said witnesses or copies referred to in the above objections were used by these defendants, or were of any value or use to them in this litigation."

The suit in which this controversy originated was for the purpose of obtaining partition of certain real property, and by the final decree the costs and disbursements in the suit were apportioned to be paid by the several parties according to their respective interests in the land. All disbursements in the cause, therefore, which were properly incurred or made in the cause were taxable under the decree, and to be apportioned among the several parties according to the rule therein defined.

It was conceded upon the argument here that so much of the item objected to as was paid for a certified copy of the judgment roll in this court, in *Teal* v. *Dickenson*, might properly be allowed; but it was insisted that all of the evidence which accompanied the judgment roll was incompetent in this suit, and could not be, and was not used upon the trial, and therefore no allowance ought to be made for it. If this objection had been taken before the clerk in the court below, I am inclined to think it ought to have prevailed; but it was not. The objections there made were placed on other and different ground, and which were virtually abandoned upon the argument here. Under our system of taxing costs and disbursements, each item claimed as a disbursement must be set down separately in the itemized statement, and the same must be verified.

If objections be made to any one or more of such items, they must be made to each separate item to which exceptions are taken, and they must particularly specify and point out in what respect such claim is wrong, or why it should not be allowed; and no objections not thus made can be considered. If such objections be not made within proper time the disbursements claimed are allowed of course. (*Wilson* v. *City of Salem*, 3 Or. 483.)

The objections made in the court below were not suffi-
ciently specific and are untenable, and the objection which is
now made in this court for the first time cannot be considered.
It follows that the decree of the court below disallowing said
item is reversed, and the same is allowed and ordered to be
taxed as a disbursement in said cause.